JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00367-JLS-DFM                                                  Date: May 14, 2020
Title: Matthew Robey v. FCA US LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 13)**

Before the Court is Plaintiff's Motion to Remand this case to Orange County Superior Court, currently set for hearing on May 15, 2020, at 10:30 a.m. (Mot., Doc. 13; Mem., Doc. 13-1.) One of two Defendants, FCA US LLC ("FCA"), opposed. (Opp'n, Doc. 21.) Plaintiff did not reply. For the following reasons, the Court GRANTS Plaintiff's Motion.[1]

**I.   BACKGROUND**

Plaintiff, a citizen of California, filed this "lemon law" action in Orange County Superior Court on January 15, 2020. (Compl., Doc. 1-2.) In the Complaint, Plaintiff alleges that Defendants FCA and Surf City Auto Group, Inc. dba Huntington Beach CDJ Ram ("Surf City") violated California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") by selling Plaintiff a defective vehicle, failing to repair the vehicle "after a reasonable number of attempts," and then refusing to repurchase the vehicle or otherwise make restitution to Plaintiff. (*See id.* ¶¶ 12, 14, 20.) Accordingly, in his Complaint, Plaintiff brings two claims: the first for breach of the implied warranty of

---

[1] The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for May 15, 2020, at 10:30 a.m., is VACATED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00367-JLS-DFM                                            Date: May 14, 2020
Title: Matthew Robey v. FCA US LLC et al.

merchantability under the Song-Beverly Act, and the second for breach of express warranty under the Act. (*See id.* ¶¶ 15–35.)

FCA removed the case to this Court on February 21, 2020, asserting diversity jurisdiction. (Notice of Removal ("NOR"), Doc. 1.) Although Surf City, like Plaintiff, is a citizen of California, FCA contended on removal that Plaintiff fraudulently joined Surf City to defeat diversity jurisdiction. (*Id.* ¶¶ 25–26.)

## II. LEGAL STANDARD

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts." *Hunter*, 582 F.3d at 1042 (internal quotation marks and brackets omitted). Indeed, courts "strictly construe the removal statute against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

In the instant Motion, Plaintiff contends that remand is necessary because FCA has not made a sufficient showing as to either the amount in controversy or diversity of citizenship. (Mem. at 1.) Because FCA has not carried its burden as to fraudulent joinder, complete diversity is indeed absent, and the Court need not reach the amount in controversy issue.

Both Plaintiff and Surf City are citizens of California. (*See* Compl. ¶ 1; NOR ¶ 25.) FCA is a limited liability company. As such, FCA "is a citizen of every state of

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00367-JLS-DFM | Date: May 14, 2020 |
| Title: Matthew Robey v. FCA US LLC et al. | |

which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In the Notice of Removal, FCA offers only that it is "organized under the laws of the State of Delaware" and has "its principal place of business in Michigan." (NOR ¶ 24.) That is not enough information to establish FCA's citizenship. Still, whether or not FCA is also a citizen of California, complete diversity does not exist unless Surf City was fraudulently joined. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Salgado-Lopez v. Ford Motor Co.*, No. 19-CV-03628-LHK, 2020 WL 564248, at *2 (N.D. Cal. Feb. 5, 2020) ("[F]raudulently joined defendants who destroy diversity do not defeat removal.") (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The Court concludes that Surf City was not fraudulently joined.

"Fraudulent joinder is a term of art." *McCabe*, 811 F.2d at 1339. Actual fraud is not required: a defendant may establish fraudulent joinder by showing that the plaintiff cannot "establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044 (internal quotation marks omitted). But "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Dejillo v. Wells Fargo Bank, N.A.*, No. 5:15-CV-03080-RMW, 2015 WL 5187344, at *2 (N.D. Cal. Sept. 4, 2015) (quoting *Hunter*, 582 F.3d at 1046). Indeed, "[j]oinder is fraudulent only when it is 'obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant].'" *Salgado-Lopez*, 2020 WL 564248, at *3 (second and third alterations in original) (quoting *Hunter*, 582 F.3d at 1046). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

FCA's fraudulent joinder argument proceeds as follows. First, FCA argues that because Surf City was not a party to the express warranty issued to Plaintiff by FCA, Plaintiff may recover against Surf City only under his implied warranty claim. (*See* NOR

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00367-JLS-DFM    Date: May 14, 2020
Title: Matthew Robey v. FCA US LLC et al.

¶¶ 30–32.) Under the Song-Beverly Act, the implied warranty of merchantability has a one-year duration limitation. *See* Cal. Civ. Code § 1791.1(c) (". . . in no event shall such implied warranty have a duration of less than 60 days nor more than one year following the sale of new consumer goods to a retail buyer."). As for statute of limitations, "claims under [the Song-Beverly Act] are governed by the same statute of limitations as for warranties under California Commercial Code § 2725." *Arteaga v. FCA US LLC*, No. CV 20-461-GW-RAOX, 2020 WL 1330639, at *2 (C.D. Cal. Mar. 20, 2020) (citing *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1305–06 (2009)). That statute of limitations is four years. *See* Cal. Com. Code § 2725(1).

Second, FCA argues that Plaintiff's implied-warranty claim against Surf City is time-barred because "a claim for breach of implied warranty accrues . . . upon tender of delivery"—here, March 18, 2013, more than four years before the Complaint was filed. (Opp'n at 8; NOR ¶¶ 33–36.) Third, FCA argues that Plaintiff cannot benefit from Section 2725's "future performance" exception to the tender-of-delivery accrual (NOR ¶ 37), which applies to warranties that "explicitly extend[] to future performance of the goods" and tolls the limitations period until the time "the breach is or should have been discovered," Cal. Com. Code § 2725(2). In other words, FCA argues that Plaintiff cannot benefit from "delayed discovery" tolling. (*See* Opp'n at 6.)

FCA's argument has been rejected repeatedly. *See, e.g.*, *Chipley v. Ford Motor Co.*, No. 18-CV-01161-YGR, 2018 WL 1965029, at *3 (N.D. Cal. Apr. 26, 2018) (rejecting identical argument because "[a] claim for breach of the implied warranty of merchantability may be based upon a defect not discoverable at the time of sale"); *Askew v. Ford Motor Co.*, No. 18-CV-02776-GPC-KSC, 2019 WL 1724250, at *4 (S.D. Cal. Apr. 18, 2019) ("Defendants have failed to distinguish this case from the myriad of recent California district court decisions, including from this Court, that have uniformly rejected [defendant]'s identical fraudulent joinder argument based upon an allegedly time-barred implied warranty claim.") (collecting cases); *see also Smith v. Ford Motor Co.*, No. 19-CV-05170-CRB, 2020 WL 609864, at *5 (N.D. Cal. Feb. 4, 2020) ("Th[e] distinction [between the California Commercial Code and Song-Beverly Act] may allow Song-Beverly Act warranties to extend to the future performance of goods, meaning that the delayed discovery doctrine could apply here.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00367-JLS-DFM | Date: May 14, 2020 |
| Title: Matthew Robey v. FCA US LLC et al. | |

Indeed, in *Mexia v. Rinker Boat Co.*, the California Court of Appeal held that nothing in the Song-Beverly Act's durational limitation on the implied warranty of merchantability "suggests a requirement that the purchaser discover and report to the seller a *latent* defect within that time period." 174 Cal. App. 4th at 1310. Although FCA includes in its Opposition a long excerpt from *Mexia* that contains this holding, FCA curiously concludes that, "[a]t best, *Mexia* can be read for the proposition that a breach of the implied warranty can occur *at the most* one year after purchase[.]" (Opp'n at 9.) Not so.

In *Daniel v. Ford Motor Co.*, 806 F.3d 1217 (9th Cir. 2015), the Ninth Circuit recognized that "California federal district courts have given *Mexia* mixed treatment" but went on to hold that "[a]bsent convincing evidence that the California Supreme Court would decide the issue in *Mexia* differently, [*Mexia*'s] rule that § 1791.1 'does not create a deadline for discovering latent defects or for giving notice to the seller' must be followed." *Daniel*, 806 F.3d at 1223 (internal citation omitted) (quoting *Mexia*, 174 Cal. App. 4th at 1297).

In sum, implied warranty claims under the Song-Beverly Act based on a latent defect discovered outside the durational limit are permissible. FCA has therefore failed to meet its burden of showing joinder of Surf City was fraudulent. In fact, even if FCA's tolling argument could stand, FCA did not address the possibility that Plaintiff's implied warranty claim against Surf City is subject to equitable and/or fraudulent concealment tolling. *See Askew*, 2019 WL 1724250, at *3. "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548. The Court does just that.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and REMANDS the case to Orange County Superior Court, Case No. 30-2020-01124718-CU-BC-CJC.

Initials of Preparer:  tg